# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| ROLAND TIREY,<br><br>    Plaintiff,<br><br>vs.<br><br>SANDRA FAIRBANK, RON ALSBURY, SAM LEMAICH, CHUCK HILL, MISSOULA PAROLE AND PROBATION, and DOES ONE through TEN,<br><br>    Defendants. | Cause No.  CV 09-00146-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT WITHOUT PREJUDICE |

Pending is Plaintiff Roland Tirey's Motion to Proceed In Forma Pauperis (Document 1) and proposed Complaint (Document 2).

## I. STATEMENT OF THE CASE

### A.    Parties

Tirey is a state prisoner incarcerated at Montana State Prison.  He named Missoula Probation and Parole Officers Sandra Fairbank, Ron Alsbury, Sam Lemaich, Chuck Hill, and the Missoula Parole and Probation as Defendants in the

Party section of his Complaint.  Elsewhere in the Complaint he mentions the City of Missoula and Missoula County.

## B.     Factual Background

Mr. Tirey is no stranger to this Court or Defendants.  In 2006, he filed a civil rights action against Missoula Probation and Parole Officers Melissa Strecker, Jan Ullom, Sam Lemaich, and Ron Alsbury alleging they unlawfully entered his home in October 2005, and then searched, seized, and later donated his personal computer to a local children's shelter.   A mediation of the claims against Defendants Strecker and Ullom (all other claims having been dismissed) was conducted on June 10, 2008 at the Montana State Prison and a settlement was reached.  On June 13, 2008, however, Tirey filed a Motion to Withdraw from the Settlement Agreement which the defendants opposed.  On July 10, 2008, United States Magistrate Judge Strong recommended the motion be denied.  That recommendation was adopted in full by Judge Molloy on November 21, 2008.

On November 10, 2008, while the Findings and Recommendations were pending, Tirey discharged his 25-year sentence and was released on probation to serve the suspended portion of his sentence.  He met with his probation officer, Sandra Fairbank, on November 13, 2008.  Tirey's Complaint describes a difficult relationship between Fairbank and Tirey.  Tirey complains Fairbank required him

to be in sex offender treatment and have full time employment within two weeks. Fairbank failed to approve housing for Tirey forcing him to sleep in his truck in the middle of winter. Fairbank required Tirey to call her twice a day on her personal phone and see her every day at a time set by her. Tirey alleges Fairbank insulted, threatened, annoyed, harassed, and offended Tirey every day to the point Tirey became physically sick, nervous, fearful, depressive, and suffered from high blood pressure.

On Wednesday, November 26, 2008, Tirey met with Fairbank at her office at 7:30 a.m. Tirey reported he had not yet found a job so Fairbank told him he would be required to do 20 job interviews a day. He advised Fairbank he was scheduled to see his treatment provider on December 3, 2008. Later in the meeting, Fairbank arrested Tirey and he was held at the Missoula County Detention Center for 72 hours over the Thanksgiving holiday.

Tirey was released from custody on Saturday, November 29, 2008. On December 3, 2008, Tirey was scheduled to be in Fairbank's office at 7:30 a.m. but he ran out of gas on his way to the meeting. Tirey contends he left numerous messages for Fairbank. He arrived at Fairbank's office at 10:00 a.m. but Fairbank was not available. Tirey waited at Fairbank's office until approximately 11:15 when he had to go to his treatment group. He left another message for Fairbank

explaining he had to go to treatment group and would return to the office immediately thereafter.

Fairbank arrested Tirey at approximately 11:50 a.m. at his treatment group. Tirey's probation was revoked on May 12, 2009 after a disposition hearing at the Flathead County District Court in Kalispell. Tirey was found guilty and sentenced to 25 years with 7 years suspended. Tirey was transferred to Montana State Prison on May 27, 2009.

### C. Tirey's Allegations

Tirey first contends Defendants deprived him of his right to equal protection of the law and impeded the due course of justice in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

Secondly, Tirey alleges he was arrested without warrant and without probable cause on December 3, 2008 in violation of the equal protection clause and the Fifth and Fourteenth Amendments to the United States Constitution.

Finally, Tirey contends Defendants Alsbury, Lemaich, Hill, and the City of Missoula, acting under the color of law pursuant to official policy or custom, knowingly, recklessly, or with deliberate indifference and callous disregard of Tirey's rights, failed to instruct, supervise, control, and discipline their parole and probation officers.

## II.  MOTION TO PROCEED IN FORMA PAUPERIS

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency.  See 28 U.S.C. § 1915(a).  But the court has broad discretion in denying an application to proceed in forma pauperis.  *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963).  "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  *Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1370 (9th Cir. 1987).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").  Tirey's Complaint is frivolous because his claims are barred by the *Heck* doctrine.  Therefore his motion to proceed in forma pauperis should be denied.

## III.  ANALYSIS

Tirey may not bring a claim pursuant to 42 U.S.C. § 1983 arising out of alleged unconstitutional activities that resulted in his probation revocation unless the revocation has been set aside.  *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Baskett v. Papini*, 245 Fed. Appx. 677, 2007 WL 2457479 at *1 (9th Cir. 2007) (district court properly dismissed plaintiff's § 1983 action because his allegations called into question the validity of his probation revocation).[1]  The United States Supreme Court has held that a prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, unless he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck*, 512 U.S. at 486-87.

Here, Tirey's claims against the named defendants for their alleged actions that resulted in his probation being revoked are barred by *Heck v. Humphrey*.  A judgment in Tirey's favor would necessarily imply the invalidity of his probation

---

[1] Citation to this unpublished decision is appropriate under Ninth Circuit Rule 36-3(b).

revocation and sentence.  Accordingly, the Court will recommend Tirey's Complaint be dismissed without prejudice.[2]

Accordingly, the Court issues the following:

### RECOMMENDATION

1. Tirey's Motion for Leave to Proceed in forma pauperis (Document 1) should be **DENIED** and Tirey's Complaint **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to provide Tirey with the form for filing a habeas petition and a motion to proceed in forma pauperis.

3. At all times during the pendency of this action, Tirey SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."

---

[2]A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement.  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).  In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  If Tirey is seeking to overturn his probation revocation, a writ of habeas corpus is his sole remedy.  The Clerk of Court will be directed to provide Tirey with a copy of the form for filing a habeas petition.  Prior to filing a federal habeas petition, it is necessary to exhaust state court remedies by filing a direct appeal and/or petition for post-conviction relief.  It is unclear whether Tirey has exhausted these remedies.

The notice shall contain only information pertaining to the change of address and its effective date, except if Tirey has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of October, 2009.

                                              /s/ Jeremiah C. Lynch  
                                              Jeremiah C. Lynch  
                                              United States Magistrate Judge