

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| ROLAND TIREY, | ) | CV 09-146-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SANDRA FAIRBANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Tirey is a state prisoner proceeding pro se. He filed an action

pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Jeremiah C. Lynch

entered Findings and Recommendation in this matter on October 1, 2009. Judge

Lynch recommended dismissing Tirey's complaint for failure to state a claim upon

which relief may be granted and denying his motion for leave to proceed in forma

pauperis. Plaintiff timely objected , and, therefore, he is entitled to <u>de novo</u> review

of those portions of the Findings and Recommendation to which he objected.  28

U.S.C. § 636(b)(1).  The portions of the Findings and Recommendation not

specifically objected to will be reviewed for clear error.  McDonnell Douglas

Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

    In November 2008, Tirey was released from state custody to begin serving

the suspended portion of a sentence.  According to Tirey, he and his probation

officer immediately developed a very contentious relationship, and he believed she

was harassing him and treating him unfairly.  On December 3, 2008, the probation

officer arrested Tirey, and his probation was subsequently revoked.  Tirey was

sentenced to 25 years with 7 years suspended.  He is currently serving this

sentence.  His 1983 claims arise from the actions of his probation officer.

    Judge Lynch found that Tirey's claims are barred by the Heck doctrine.  In

Heck, the Untied States Supreme Court held that:

> [T]o recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence has been reversed
> on direct appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  In other words, as long as

Tirey's revocation and sentence stand, he has no legal basis to challenge that

actions that led to the revocation.  Only if the revocation is set aside may he raise these claims.  As Judge Lynch points out, a habeas proceeding, not a § 1983 claim, is the proper method for challenging the fact of one's confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Tirey objects to Judge Lynch's findings.  He argues he "is not trying to get his probation revocation overturn [sic] or asking for a writ of habeas corpus." Pl.'s Obj. at 2.  He then offers a lengthy argument on the merits of his claims and how his rights were violated in various ways.  Tirey has not addressed Judge Lynch's finding that his claims are barred under Heck.  He concedes he does not wish to file a habeas petition, nor does he want to overturn the probation revocation.  As Judge Lynch correctly found, unless the revocation is overturned or set aside, Heck bars this Court from addressing the merits of his claims. Therefore, the Court agrees with Judge Lynch that Tirey's complaint must be dismissed under Heck.  I find no clear error in Judge Lynch's remaining findings and recommendations.  Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #4) are adopted in full.  Tirey's Complaint (dkt #2) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Tirey's motion for leave to proceed in

forma pauperis (dkt #1) is DENIED.

The Clerk of Court is directed to close this matter and to enter judgment pursuant to Fed. R. Civ. P. 58.

The Clerk of Court is further directed to provide Tirey with the form for filing a habeas petition and a motion to proceed in forma pauperis.

Dated this **30** day of October, 2009.

Donald W. Molloy, District Judge
United States District Court

-4-